# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3547

_____

David G. Nasser,                        *
                                        *
            Appellant,                  *
                                        *  Appeal from the United States
      v.                                *  District Court for the
                                        *  Eastern District of Missouri.
Michael J. Astrue,[1] Commissioner,     *
Social Security Administration,         *         [UNPUBLISHED]
                                        *
            Appellee.                   *

_____

Submitted: September 4, 2007
Filed: September 18, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

David G. Nasser appeals the district court's[2] order affirming the denial of disability insurance benefits. In Nasser's February 2003 application, he alleged disability since September 2001 from pain in various areas of his body. After two

---

[1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

hearings, an administrative law judge (ALJ) concluded that, inter alia, Nasser's chronic groin and testicular discomfort, history of hernia operations, recurring inguinal hernia, lumbosacral disc disease, and history of foot surgery constituted severe impairments, but not of listing-level severity; his allegations as to his limitations were not credible; and because his residual functional capacity (RFC) to perform a full range of sedentary work did not preclude the performance of his past relevant work, he was not disabled. Having carefully reviewed the record, we affirm. See Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006) (standard of review).

Because the ALJ gave multiple valid reasons for discounting Nasser's subjective complaints, we defer to the ALJ's credibility determination. See Leckenby v. Astrue, 487 F.3d 626, 632 (8th Cir. 2007) (this court defers to ALJ's credibility determination when it is supported by good reasons and substantial evidence). Further, we find that ALJ's RFC findings are consistent with the medical evidence and with Nasser's testimony about his chronic pain, past work, and current activities. See Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (disability claimant has burden to establish RFC); Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (ALJ is responsible for determining RFC, and in making determination should consider medical records, observations of treating physicians and others, and claimant's own description of his limitations). Finally, we decline to consider the arguments Nasser raises for the first time on appeal. See Flynn v. Chater, 107 F.3d 617, 620 (8th Cir. 1997) (argument first raised on appeal need not be considered unless manifest injustice would otherwise result).

Accordingly, we affirm.

_____